MALCOLM DICKSON, PLAINTIFF-RESPONDENT, v. ANNA ACKERMAN AND CHARLES MORGAN, DEFENDANTS-APPELLANTS.

Submitted May 26, 1933—Decided September 27, 1933.

For the plaintiff-respondent, *Reynier J. Wortendyke, Jr.*

For the defendants-appellants, *Thomas L. Parsonett.*

The opinion of the court was delivered by

KAYS, J. This is an appeal from a judgment entered in the New Jersey Supreme Court in favor of the plaintiff and against the defendant for the sum of $4,000. From this judgment two of the defendants have appealed here, Anna Ackerman and Charles Morgan. The case was tried before Judge Porter and a jury at the Essex Circuit. The attorney for the defendant, Paul Springer, in the court below, withdrew from the case and Springer did not appear and defend.

The action was brought for compensation for injuries sustained by the plaintiff as a result of an automobile accident. It appears that the defendant Charles Morgan was the driver

of a taxicab owned by the defendant Anna Ackerman. Springer was the driver of an automobile which collided with the taxicab. The facts in the case were that the plaintiff, Dickson, had finished his work in Brooklyn, New York, about twelve-fifteen A. M. on April 2d, 1931, and proceeded toward home. He arrived at the Park Place station of the Hudson and Manhattan railroad in Newark, New Jersey, sometime later and hired a taxicab which was owned by one of the defendants and driven by the other as above stated. He directed the defendant to drive him to his home which was on North Sixth street, Newark. At the time he entered the taxicab it was raining. After proceeding a short distance there was a terrible crash and the plaintiff evidently became unconscious and did not regain consciousness until after he had been taken to the hospital. The plaintiff was the only occupant of the taxicab with the exception of the driver. This was the only evidence which was produced by the plaintiff before his counsel had rested his case. There appears to be no argument that the judge properly denied a motion for a nonsuit. There were two important witnesses who testified as to the circumstances surrounding the accident. The first was the defendant, the driver of the taxicab, and the second was the driver of another taxicab which was traveling in the opposite direction. It appears that the accident occurred at the intersection of Central avenue and Washington street, Newark. Both of these streets are important arteries of travel. Central avenue runs east and west and Washington street, north and south. The driver of defendant's taxicab was driving on Central avenue and as he approached the intersection of Washington street he looked both ways and saw the lights of another taxicab coming north on Washington street from his left. He said that this taxicab which was approaching Central avenue on Washington street was coming very fast. However, he did not stop but continued across the intersection of Washington street and as he was crossing Washington street the other taxicab struck his car in the left rear. The other witness, a man named Ruglio, who as stated above was driving on Central avenue in the opposite direction, was also about to cross

Washington street. Ruglio testified that he saw the defendant's car approach Washington street from the opposite side and that he also saw the other taxicab on Washington street crossing Central avenue. This witness said that he stopped his car at the corner and that the defendant's car continued across Washington street. He further said that he saw the other taxicab, which was on Washington street, crossing Central avenue and that it was traveling at the rate of thirty-five or forty miles an hour and saw it crash into the rear end of the defendant's taxicab. The taxicab of the defendant, according to the evidence, was going ten or fifteen miles an hour as it approached Washington street and continued across it.

From these facts we are of the opinion that the case was properly submitted to the jury and that the trial court properly refused to direct a verdict in favor of the defendants who are the appellants here. The car of defendants was traveling at the rate of ten or fifteen miles an hour and could readily have been stopped before crossing Washington street when the defendant, who was driving the taxicab in which the plaintiff was riding, saw the other taxicab traveling at a high rate of speed and about to cross Central avenue. Both streets are wide and each car could be easily seen by the driver of the other. The defendant, according to the evidence, saw that the car which crashed into his taxicab was traveling at a high rate of speed. The witness, Ruglio, elected to stop his car while the defendant Morgan took a chance and continued across Washington street in the face of danger approaching from his left. While it may appear that the principal negligence was incurred by the driver of the car which crashed into the defendant's car it cannot be said as a matter of law that there was no negligence on the part of the defendant Morgan. If the negligence of Morgan contributed to the accident of course Morgan and the owner of the taxicab are liable. This it seems to us was a question for the jury to decide. Counsel for the appellant relies on the case of *Cox* v. *Scott,* 104 *N. J. L.* 371. That case, however, was different from the case in question. In the Scott case the defendant's bus was

at a standstill, in a proper place and proper manner and was run into from behind. This was not the situation in the case under review.

Therefore, the judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.